*E-Filed 8/21/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XIAO S. FENG, | No. C 12-3161 RS (PR) |
|     Plaintiff, | **ORDER REOPENING ACTION;** |
|     v. | **ORDER OF DISMISSAL** |
| RALPH M. DIAZ, | |
|     Defendants.                / | |

    This federal civil rights action was dismissed because plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis* ("IFP") by the deadline. Plaintiff since has filed a complete IFP application (Docket No. 10), which the Court construes as containing a motion to reopen the action. So construed, the motion is GRANTED, and the action is hereby REOPENED. The Clerk shall reopen the action and terminate Docket No. 10.

    In this case, plaintiff, a *pro se* state prisoner, has improperly filed this action as a civil rights action pursuant to 42 U.S.C. § 1983. Specifically, by way of this action, plaintiff challenges the validity of his state conviction. Any claim by a prisoner attacking the validity

or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) (ADA claim); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

Dismissal is appropriate here. While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, the action is DISMISSED without prejudice to plaintiff filing the action as a petition for a writ of habeas corpus. A habeas petition form will be sent to plaintiff. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED: August 21, 2012

RICHARD SEEBORG
United States District Judge